COHEN, J.,
dissenting.
I would affirm the trial court’s finding that Myers was in custody for purposes of Miranda.[4] The majority is correct that, in Ramirez v. State, 739 So.2d 568 (Fla.1999), the Florida Supreme Court reasoned that “[t]he proper inquiry is not the unarticulated plan of the police, but rather how a reasonable person in the suspect’s position would have perceived the situation.” Id. at 573. The purpose, place, and manner of the interrogation are all relevant in making this determination. In my view, three of the four factors enumerated in Ramirez support the trial court’s determination.
This was not a case where an individual whose husband was murdered was brought to the station to provide background information; rather, after Myers’s son and his associate implicated Myers, she became a suspect in her husband’s murder. Thereafter, police officers transported Myers to the police department, placed her in a small room, and immediately confronted her with evidence of her complicity in her husband’s murder. The purpose of the ensuing interrogation was to obtain incriminating information, and to that end, officers accused her of involvement in the murder and of lying to them. The interrogation lasted hours and spanned two separate days during which the officers utilized the “good cop/bad cop” interrogation technique and also employed four officers on a rotating basis.
The location of the interrogation is also an important factor to consider. Here, law enforcement interrogated Myers in a police station rather than a less intimidating locale, like her home. Moreover, although law enforcement told Myers that she was free to leave — an important consideration in determining whether the interrogation was custodial — at other times, she was told to wait in the room. And yet, at other times, she was told that they would “release her.” When Myers’s daughter attempted to speak with her, the officers quickly removed her daughter from the interrogation. Given the totality of these factors, in my view, a reasonable person would have felt constrained.
The requirement of Miranda warnings is ingrained in the constitutional analysis of the voluntariness of confessions. See J.D.B. v. North Carolina, — U.S. -, 131 S.Ct. 2394, 2401, 180 L.Ed.2d 310 (2011) (explaining that the Miranda procedural safeguards are intended to ensure that the right against self-incrimination is protected). As the trial judge recognized, courts should view attempts by law enforcement to circumvent these safeguards warily. We should do the same.

. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).